UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

UNITED STATES OF AMERICA,

v.

GREGORY DENARD MILLS,

Petitioner.

Criminal Action No. 3:12-CR-105
Civil Action No. 3:13-CV-581

# MEMORANDUM OPINION

THIS MATTER is before the Court on *pro se* Petitioner Gregory Denard Mills' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion") (ECF No. 32). For the reasons set forth below, the Court DENIES the § 2255 Motion.

## I. BACKGROUND

### a. *Factual Background*

According to the Statement of Facts (ECF No. 22), from 2006 continuing through 2009 in the Eastern District of Virginia, Gregory Denard Mills ("Mills") did knowingly, intentionally, and unlawfully combine, conspire, confederate, and agree with others to knowingly, intentionally, and unlawfully distribute and possess with intent to distribute 28 grams or more of a mixture and substance containing a detectable amount of cocaine base, commonly known as "crack." Specifically, as part of the conspiracy, Mills would supplement his income by distributing crack cocaine to drug customers and drug dealers in and around Richmond, Virginia. Mills also used friends and family members to assist him in the distribution of crack cocaine. At least six conspirators, cooperating with the government, implicated Mills in the distribution scheme. Two of those conspirators were under the age of 18 when Mills involved them in the drug conspiracy. Mills was the organizer and leader with respect to more than five

1

participants in the drug distribution activities. The total amount of crack cocaine distributed was 196 to 280 grams.

### b. *Procedural Background*

On June 18, 2012, a federal grand jury returned a five-count indictment against Mills charging him with (1) conspiracy to distribute and possess with intent to distribute cocaine and crack cocaine, in violation of 21 U.S.C. §§ 841 and 846 (count one); (2) possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841 (counts two and three); (3) distribution of crack cocaine, in violation of 21 U.S.C. § 841 (count four); and (4) distribution of cocaine hydrochloride, in violation of 21 U.S.C. § 841 (count five).

Mills subsequently entered into a written Plea Agreement with the United States on November 2, 2012. Mills agreed to waive indictment and plead guilty to a Criminal Information which charged the defendant with conspiracy to distribute and possess with intent to distribute 28 grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841 and 846. The Government agreed to dismiss counts one through five of the indictment. On January 25, 2013, this Court sentenced Mills to 180 months' imprisonment on count one of the Criminal Information, four years' supervised release, and a $100 special assessment. Mills was represented by Nia Ayanna Vidal ("Vidal").[1] Mills did not appeal his sentence.

On August 26, 2013, Mills filed the instant § 2255 Motion. In his § 2255 Motion, Mills alleges four grounds for relief:

Ground One: Ineffective assistance of counsel for failure to file a notice of appeal

Ground Two: The District Court violated Mills' Fifth and Sixth Amendment rights to notice and trial by jury "by engaging in pre-*United States v. Booker* sentencing practice"[2]

Ground Three: Ineffective assistance of counsel for failure to object to the

---

[1] Vidal's affidavit is attached to the Government's response. (ECF No. 39-1.)
[2] In his § 2255 Motion, Mills alleges the district court violated his Fifth and Sixth Amendment rights to notice and trial by jury "by engaging in pre-*United States v. Booker* sentencing practice." In his memorandum in support of his § 2255 motion as well as his reply brief, Mills' claim is also based on *United States v. Alleyne*. Both cases will be addressed in the analysis below.

>agreed drug quantity attributed to Mills
>
>Ground Four[3]: The District Court imposed an unreasonable sentence in light of the 18 U.S.C. § 3553(a) factors

The United States filed a response in opposition on October 18, 2013 (ECF No. 39) and Mills subsequently filed a reply on November 8, 2013 (ECF No. 40). The issue is now ripe for review.

## II. **LEGAL STANDARD**

Under 28 U.S.C. § 2255 ("§ 2255"), a prisoner in federal custody may attack his sentence on four grounds: (1) the sentence violates the Constitution or the laws of the United States; (2) the court lacked jurisdiction to impose the sentence; (3) the sentence exceeded the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. § 2255(a); *see also Hill v. United States*, 368 U.S. 424, 426–27 (1962). A claim which does not challenge the constitutionality of a sentence or the court's jurisdiction is cognizable in a § 2255 motion only if the alleged violation constitutes a "miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). To prevail under § 2255, the movant bears the burden of proof by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958); *United States v. King*, 36 F. Supp. 2d 705, 707 (E.D. Va. 1999). A *pro se* petitioner is held to a less exacting standard than an attorney in drafting his petition. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Therefore, the Court will generously interpret Mills' factual allegations and legal contentions.

## III. **DISCUSSION**

Because two of Mills' four grounds for relief are premised on ineffective assistance of counsel, the Court will first outline the general law surrounding this issue and then address Mills' first and third grounds.

To succeed on a claim of ineffective assistance of counsel, a petitioner must show both that: (1) his attorney's performance fell below an objective standard of reasonableness, and (2)

---

[3] Mills does not specifically define this ground in his § 2255 Motion. However, he references the alleged impropriety of his sentence in his memorandum in support. (*See* Mem. in Supp. of § 2255 Mot. at 4.) For the sake of thoroughness, the Court will address this allegation as an independent ground for relief.

he suffered actual prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The first prong of *Strickland*, the performance prong, requires the petitioner to "'show that counsel's representation fell below an objective standard of reasonableness' measured by 'prevailing professional norms.'" *Lewis v. Wheeler*, 609 F.3d 291, 301 (4th Cir. 2010) (quoting *Strickland*, 466 U.S. at 688). There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and "[j]udicial scrutiny of counsel's performance must be highly deferential." *Strickland*, 466 U.S. at 689. When making an ineffective assistance of counsel determination, a court must consider "the practical limitations and tactical decisions that counsel faced." *Bunch v. Thompson*, 949 F.2d 1354, 1363 (4th Cir. 1991). The second prong of *Strickland*, the prejudice prong, requires the petitioner to show that counsel's errors were serious enough to deprive the petitioner of a fair trial. *Strickland*, 466 U.S. at 687. In essence, the petitioner must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

In the context of guilty pleas, the two-pronged *Strickland* standard similarly applies. However, for the "prejudice" requirement the Court must "focus[] on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). "In other words, . . . the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.*

(1) <u>Ground One: Ineffective Assistance of Counsel for Failure to File a Notice of Appeal</u>

Mills entered into a Plea Agreement with the United States on November 2, 2012 (ECF No. 21.) In that Agreement, Mills agreed to plead guilty to a Criminal Information, which charged Mills with conspiracy to distribute and possess with intent to distribute 28 grams or more of crack cocaine. (Plea Agt. at ¶ 1.) In paragraph six of the Plea Agreement, Mills "knowingly waive[d] the right to appeal the conviction and any sentence within the statutory

maximum."

The Vidal Declaration demonstrates that she "explained all of the provisions of the Plea Agreement, including the waiver of right to appeal the sentence contained in Paragraph Six of the Agreement." (Vidal Dec. ¶ 1.) She explained to Mills "that the appeal waiver was standard in every plea agreement, that the waiver is valid and has been upheld by the Fourth Circuit Court of Appeals." (*Id.*) She believed at the time of his plea that "Mills's [sic] waiver of his right to appeal the sentence was knowing and voluntary." (*Id.* at ¶ 2.) Vidal further explains that Mills contacted her on June 19, 2013, inquiring into whether "anything could be done about his sentence and whether he could appeal." (*Id.* at ¶ 3.) She reminded him of the waiver of appeal in the Plea Agreement, and explained that not only was the appeal time-barred but also that filing a notice of appeal would constitute a breach of the Agreement and the Court of Appeals would dismiss the appeal. (*Id.*) She advised him that the only procedure available to him was a motion under 28 U.S.C. § 2255. (*Id.*)

As Vidal properly explained to Mills, the Fourth Circuit has upheld appeal waivers in plea agreements "so long as the waiver is knowing and intelligent and the issue sought to be appealed falls within the scope of the appeal waiver." *United States v. Poindexter*, 492 F.3d 263, 270 (4th Cir. 2007) (citing *United States v. Blick*, 408 F.3d 162, 168 (4th Cir. 2005)). Here, Vidal was not ineffective for failing to file a notice of appeal, as Mills knowingly and voluntarily waived his right to appeal, (Plea Agt. at p. 12), the appeal was time-barred, (Fed. R. App. P. 4(b)(1)(A)), and filing an appeal would constitute a breach of the Plea Agreement, (Vidal Dec. ¶ 3). Thus, Mills has failed to meet his burden in proving Vidal's performance fell below an objective standard of reasonableness, and therefore his first ground for relief must be denied. *See Strickland*, 466 U.S. at 697 ("[T]here is no reason for a court deciding an ineffective assistance claim to . . . address both components of the inquiry if the defendant makes an insufficient showing on one.")

(2) <u>Ground Three: Ineffective Assistance of Counsel for Failure to Object to Drug Quantity</u>

In paragraph five of the Plea Agreement as well as paragraph four of the accompanying Statement of Facts (ECF No. 22), Mills agreed to stipulate to the drug quantity attributable to him. Specifically, he stipulated that for purposes of relevant conduct, the amount of crack cocaine distributed was 196 to 280 grams of cocaine base. Mills now argues that counsel was ineffective for failing to object to this drug amount at Mills' sentencing.

In Vidal's Declaration, she first notes that she "did not object to the drug quantity at sentencing because [she] entered into a stipulation regarding the drug weight with the government," with Mills' "knowledge and agreement." (Vidal Dec. ¶ 4.) "An objection to the stipulated drug quantity would have likely been viewed as a breach of the Agreement." (*Id.*) She further declares that she advised Mills that having a stipulated drug quantity in the Plea Agreement would be in his best interest as she "had reviewed several law enforcement reports of several cooperating witnesses concerning Mr. Mills's [sic] drug distribution activity over an extended period of time." (*Id.* at ¶ 5.) She explained to Mills that she believed the government not only could likely prove the 280 grams alleged in the indictment, but also believed that Mills would be subject to a higher drug weight based upon the preponderance of the evidence standard at sentencing. (*Id.*) Moreover, Vidal was concerned that the government would seek to introduce evidence at Mills' sentencing regarding his alleged involvement in a double homicide, possibly exposing him to a life sentence. (*Id.*)

Mills' claim must be denied. He fails to illustrate why Vidal's performance was ineffective. As the Government notes, if Vidal did in fact object to the drug quantity at sentencing after previously stipulating to such fact, such challenge "would have been the height of incompetence." (Gov'ts Resp. at 18.) Any objection would have breached the Agreement and could have exposed Mills to greater liability. Therefore, this ground for relief must too be denied.

(3) Ground Two: The District Court Violated Petitioner's Sixth Amendment Rights by Engaging in pre-*United States v. Booker* Sentencing Practice

In his second ground for relief, Mills (inexplicably) argues that the district court violated his Sixth Amendment rights by engaging in "pre-*United States v. Booker* sentencing practice" as well as failed to submit an element of the offense to a jury, pursuant to *Apprendi* and *Alleyne*. While Mills engages in a dissertation of the relevant legal standards, his argument is unavailing as applied to his guilty plea in the instant case.

In *United States v. Booker*, 543 U.S. 220 (2005), the Supreme Court noted that the Sixth Amendment is implicated "whenever a judge seeks to impose a sentence that is not solely based on facts reflected in the jury verdict or admitted by the defendant." 543 U.S. at 232 (citation and internal quotation marks omitted). In *Booker*, the district court imposed a sentence almost ten years longer than the guideline range supported by the jury verdict. *Id.* at 235. The district court judge made an independent finding to account for the increased sentence. *Id.* The Supreme Court ultimately affirmed its prior ruling in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and held that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Id.* at 244.

In *Alleyne*, the Supreme Court held "that any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury." 133 S. Ct. at 2155. *Alleyne* was decided on June 17, 2013. Although courts have found that *Alleyne* announced a new rule of constitutional law, the Supreme Court has not held that *Alleyne* is retroactive on collateral review. *See In re Payne*, 733 F.3d 1027, 1029 (10th Cir. 2013); *Ferranti v. United States*, No. 1:91CR337-A, 2014 WL 2967944, at *2 (E.D. Va. June 30, 2014); *Williams v. United States*, No. 4:09cr00039, 2014 WL 526692, at *4 (W.D. Va. Feb. 7, 2014).

These cases are inapplicable in the present context. Mills entered into a Plea Agreement prior to sentencing. This Court accepted that Plea Agreement and followed the recommendation

provided therein. Specifically, the Court accepted the guideline range of 168 to 210 months, and ultimately approved the recommended sentence of 180 months. (*See* Plea Agt. at ¶ 5; Sentencing Minutes, ECF No. 29.) The Court did not engage in any judicial fact finding of a disputed element of the offense or a fact that increased or implicated a mandatory minimum, and did not impose a sentence that exceeded the maximum authorized by the facts established by Mills' guilty plea. Therefore, Mills' claim is without merit.

(4) Ground Four: Impropriety of Sentence Imposed

In the Plea Agreement, Mills stipulated to the drug quantity as well as the maximum penalties for such offense. (Plea Agt. at ¶ 1.) He further agreed to the advisory guideline range of 168 months to 210 months, which was calculated from a total offense level of 33 and criminal history category IV. (*Id.* at ¶ 5.) Mills also agreed that subject to court approval 180 months (or 15 years) was the appropriate sentence to be imposed. (*Id.*) The Court accepted each of these stipulations. (*See* Sentencing Minutes, ECF No. 29.) Mills now asserts that the 15-year sentence imposed was unconstitutional and unreasonable in violation of 18 U.S.C. § 3553(a). (*See* Mem. in Supp. of Mot. at 4.)

As the Government explains, Mills' current claim for relief is wholly unavailing. Mills asks this Court to now deem the sentence–which he previously requested the Court accept through the Plea Agreement–unreasonable. This claim, in sum, "makes no sense." (Gov't Resp. at 14.)

(5) Request for an Evidentiary Hearing

Generally, an evidentiary hearing is required under § 2255 unless it is clear from the pleadings, files, and records that a movant is not entitled to relief. *United States v. Witherspoon,* 231 F.3d 923, 925–27 (4th Cir. 2000); *Raines v. United States,* 423 F.2d 526, 529–30 (4th Cir. 1970). The district court must hold an evidentiary hearing when the "movant presents a colorable . . . claim showing disputed facts beyond the record and a credibility determination is necessary in order to resolve the issue." *United States v. Evans*, 429 F. App'x 213, 214 (4th Cir.

8

2011) (citations omitted). Whether an evidentiary hearing is necessary is within the discretion of the district court. *Raines,* 423 F.2d at 530. Based on a thorough evaluation of the pleadings and records, it is clear that Mills is not entitled to relief. Thus the request for an evidentiary hearing is DENIED.

### IV. CERTIFICATE OF APPEALABILITY

A district court that enters a final order denying a § 2255 motion must grant or deny a certificate of appealability. Rule 11(a) of the Rules Governing Section 2255 Proceedings. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Miller-El*, 537 U.S. at 336–38 (citing *Slack*, 529 U.S. at 484). For the reasons stated more fully above, no law or evidence suggests Mills is entitled to further consideration of his claims. Accordingly, the Court DENIES a certificate of appealability.

### V. CONCLUSION

For the foregoing reasons, the Court hereby DENIES the § 2255 Motion and DENIES a certificate of appealability.

Let the Clerk send a copy of this Memorandum Opinion to the *pro se* Petitioner and all counsel of record.

An appropriate Order shall issue.

_____/s/_____
James R. Spencer
Senior U. S. District Judge

ENTERED this \_\_\_6th\_\_\_ day of May 2015.